853 P.2d 634

**Ron HEER, Plaintiff–Appellant,**

v.

**J.R. Simplot Company, Defendant,**

and

**OIL, CHEMICAL & ATOMIC WORKERS INTERNATIONAL UNION, and Oil, Chemical & Atomic Workers Local No. 2–632, Defendants–Respondents.**

No. 19226.

Court of Appeals of Idaho.

June 1, 1993.

Johnson, Olson, Chtd., Pocatello, for appellant. Scott L. Burnham argued.

Kenneth E. Lyon, Jr., Pocatello, argued for respondents.

WALTERS, Chief Judge.

This appeal presents the narrow question of whether the district court properly disregarded the procedural defects that had occurred on a motion for summary judgment. For the reasons explained below, we uphold the district court's decision and affirm the judgment of dismissal.

In 1988, Ron Heer filed an action against the Oil, Chemical and Atomic Workers International Union, and the Oil, Chemical and Atomic Workers Local No. 2–236 (hereinafter referred to collectively as "the Union") alleging that the Union failed to adequately represent him in certain grievances filed with his employer. The district court granted the Union's motion for summary judgment and dismissed Heer's action. On appeal, Heer contends that the Union's motion for summary judgment was not filed or noticed in a timely fashion, and that the district court therefore was precluded from granting the motion. Specifically, Heer contends that the Union failed to comply with the notice requirements of I.R.C.P. 56(b), and that the district court erred by considering the summary judgment motion. Rule 56(b) states that "a motion for summary judgment must be filed at least 60 days before the trial date, or filed within 7 days from the date of the order setting the case for trial, whichever is later, unless otherwise ordered by the court." Rule 56(c) further provides that "[t]he motion, affidavits and supporting brief shall be served at least twenty eight (28) days before the time fixed for the hearing. . . ."

The record shows that on June 12, the date the Union first filed the summary judgment motion, the trial had been scheduled for July 25. Thus, Heer properly objected to the Union's summary judgment motion on the ground that it was not filed at least sixty days before trial. The motion was not noticed for hearing, presumably as a result of Heer's objection. On July 21, the trial date was re-set for August 22. On August 3, the Union filed an "amended notice of hearing" for summary judgment. *Without any objection from Heer*, the court set a hearing date for August 28, and both parties agreed to submit their argu-

ments by written brief. On August 23, the court again re-set the trial for September 6. On September 6, the district court signed a memorandum decision and order granting the Union's motion for summary judgment and, on October 26, entered a judgment dismissing Heer's complaint. On November 8, 1989, Heer timely filed a Rule 59(e) motion to alter or amend the judgment on the ground that the Union's August 3 motion for summary judgment was not filed at least sixty days before the August 28 trial date, nor noticed twenty-eight days before the date set for hearing. The district court denied the motion to alter, concluding that Heer waived any claim of error by failing to timely object to the procedure.

■ Preliminarily, we note that a movant's failure to strictly comply with the time requirements of I.R.C.P. 56 does not deprive the court of jurisdiction to rule on the motion. *Jarman v. Hale,* 112 Idaho 270, 272, 731 P.2d 813, 815 (Ct.App.1986). To the contrary, I.R.C.P. 61 expressly provides that "no error or defect ... in anything done or omitted by ... any of the parties is ground for ... vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." The rule further directs the trial court to "disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *See also Kugler v. Drown,* 119 Idaho 687, 691–92, 809 P.2d 1166, 1170–71 (Ct.App.1991); *Sivak v. Ada County,* 118 Idaho 193, 197, 795 P.2d 898, 902 (Ct.App. 1990).

■ We hold, as did the trial court below, that by failing to object to the August 3 notice for hearing, Heer waived any claim that such procedure violated his substantial rights. Accordingly, we conclude that the district court correctly disregarded the alleged procedural defect and properly denied the motion to alter.

Because it has prevailed in this appeal, the Union is entitled to an award of their costs. *See* I.A.R. 40. The Union has also requested attorney fees under I.C. § 12–

121. Having reviewed the record and arguments presented, this Court is left with the abiding belief that the appeal was brought frivolously, unreasonably and without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979); *Pass v. Kenny,* 118 Idaho 445, 449, 797 P.2d 153, 157 (Ct.App. 1990). Consequently, the Union is also entitled to an award of reasonable attorney fees, to be determined as provided in I.A.R 41.

SWANSTROM, J., and WOOD, J., pro tem., concur.