# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 42191

| | | |
|---|---|---|
| ROGER CARL GORDON, | ) | Boise, April 2015 Term |
| | ) | |
|     Plaintiff-Respondent-Cross Appellant, | ) | 2015 Opinion No. 118 |
| | ) | |
| v. | ) | Filed: December 23, 2015 |
| | ) | |
| SHANNON LEE HEDRICK, | ) | |
| | ) | Stephen Kenyon, Clerk |
|     Defendant-Appellant-Cross Respondent. | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. D. Duff McKee, Senior District Judge. Hon. Gary D. DeMeyer, Magistrate Judge.

The decision of the district court is affirmed.

Stoel Rives, LLP, Boise, for appellant. W. Christopher Pooser argued.

Hammond Law Office, P.A., Caldwell, for respondent. Richard L. Hammond argued.

---

HORTON, Justice.

This is an appeal from a decision of the district court in Canyon County acting in its intermediate appellate capacity. Roger Gordon brought an action against Shannon Hedrick to establish custody and a parenting time schedule for M.H., a minor child. The magistrate court dismissed Gordon's complaint, changed M.H.'s name, and ordered that Gordon's name be removed from M.H.'s birth certificate. Gordon moved for reconsideration based upon his earlier execution of a Voluntary Acknowledgment of Paternity Affidavit (VAP), which, once filed with the vital statistics unit, constitutes "a legal finding of paternity" under Idaho Code section 7-1106(1). The magistrate court denied the motion. On appeal, the district court reversed, holding that Hedrick could not demonstrate a "mutual mistake of fact" which the district court found was required to rescind a VAP under Idaho Code section 7-1106(2). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gordon and Hedrick were in a relationship that began sometime in early 2010 and lasted approximately three years. The two were never married. Hedrick became pregnant around the

1

time that the relationship began. In November of 2010, Hedrick gave birth to M.H. The following day Gordon signed a VAP attesting that he was the biological father of M.H. Hedrick also signed the VAP, which stated Gordon "is the biological father of this child" and "I acknowledge that the man named above is the biological father of my child. I consent to the recording of his name, date, and place of birth on the birth certificate of the above-described child." Thus, M.H.'s birth certificate identified Gordon as M.H.'s father. Following M.H.'s birth, Gordon, Hedrick, and M.H. lived together until Gordon and Hedrick's relationship ended on February 28, 2013.

On March 1, 2013, Gordon filed a complaint to establish custody of M.H. and a parenting time schedule. Hedrick answered and counterclaimed for legal and physical custody of M.H. As part of her counterclaim, Hedrick alleged Gordon "frequently stated he doubts he is the child's parent. Genetic testing of the parties and child should be done to confirm parentage before entry of further orders." Gordon denied this allegation.

On May 16, 2013, Hedrick moved for a genetic test pursuant to Idaho Code section 7-1116. Hedrick's supporting affidavit averred:

> 5.      Immediately prior to commencing my relationship with [Gordon], I was intimate with another male friend of mine. I made [Gordon] aware of this fact.
>
> 6.      A genuine question exists as to the identity of the biological father; my intimate relationship with both [Gordon] and my other male friend were in close proximity to the time of conception.

The magistrate court granted Hedrick's motion and ordered genetic testing.[1]

The genetic test results show that there is a 0.00% probability that Gordon is M.H.'s biological father. Based on the test results, Hedrick moved for summary judgment,[2] asking the magistrate court to dismiss Gordon's complaint and strike his name from M.H.'s birth certificate. Gordon did not file a written response to the summary judgment motion and did not challenge the genetic test results.

---

[1] The propriety of this order is not a subject of this appeal.

[2] Hedrick's "Verified Motion to Dismiss and Notice of Hearing" was based upon Idaho Rule of Civil Procedure 12(b)(6) and did not refer to Idaho Rule of Civil Procedure 56. If "matters outside the pleading are presented to and not excluded by the court" a Rule 12(b)(6) motion will be treated as a motion for summary judgment under Rule 56. I.R.C.P. 12(b); *see also Goodman v. Lothrop*, 143 Idaho 622, 626, 151 P.3d 818, 822 (2007). In this opinion this motion will be referred to and treated as a motion for summary judgment because it primarily relied on a matter outside the pleadings—the results of the genetic test.

The summary judgment motion came before the magistrate court for hearing on July 25, 2013. At the hearing, Gordon's only argument in opposition to the motion was that he was a de facto custodian under the De Facto Custodian Act, Idaho Code sections 32-1701–1705. Hedrick responded that Gordon could not be a de facto custodian because he was not related to M.H. within the third degree of blood relation. I.C. § 32-1703(1)(a). At the conclusion of the hearing, the magistrate court orally granted Hedrick's motion. On July 26, 2013, the magistrate court entered its order dismissing the action, changing M.H.'s name, and directing that Gordon's name be removed from the birth certificate

On September 12, 2013, Gordon moved for reconsideration.[3] Copies of the VAP and birth certificate were attached to the motion. In his supporting memorandum, Gordon argued that Hedrick's motion for summary judgment "violated Idaho Code [section] 7-1106(2) as [Hedrick] did not allege or produce admissible evidence or meet the burden to establish 'fraud, duress[,] or material mistake of fact.' "

At the conclusion of the hearing on Gordon's motion for reconsideration, the magistrate judge orally denied the motion without explaining the basis for his decision. The magistrate court later issued a final judgment dismissing the case.

Gordon appealed. The district court issued a written decision on May 15, 2014, reversing the magistrate court's judgment. The district court reasoned that the VAP Gordon signed could only be rescinded on the basis of fraud, duress, or material mistake of fact. The district court interpreted the words "material mistake of fact" in Idaho Code section 7-1106 to mean a "mutual mistake of fact," basing its interpretation on contract principles. The district court observed that "there is no showing that [Hedrick] was deceived as to who the true father of her infant was." Instead, Hedrick "would either have known that Gordon was not the father, or she would have been uncertain [as] to who the true father was." Thus, the district court reversed the judgment of the magistrate court. Hedrick timely appealed and Gordon has cross-appealed.

## II. STANDARD OF REVIEW

"On appeal of a decision rendered by a district court while acting in its intermediate appellate capacity, this Court directly reviews the district court's decision." *In re Estate of*

---

[3] Gordon's motion sought relief from a judgment "pursuant to I.R.C.P. 60(b)(1, 2, 3, 4, and 6)." However, at that time the magistrate court had not yet issued a final judgment. Instead, it had only issued an order dismissing Gordon's action, directing that Gordon's name be removed from M.H.'s birth certificate, and changing M.H.'s name. The magistrate court did not enter a final judgment until March 21, 2014. Since Gordon's motion was brought before final judgment, it is more accurately characterized as a motion for reconsideration.

*Peterson*, 157 Idaho 827, 830, 340 P.3d 1143, 1146 (2014) (quoting *Idaho Dep't of Health & Welfare v. McCormick*, 153 Idaho 468, 470, 283 P.3d 785, 787 (2012)). "However, to determine whether the district court erred in affirming the magistrate court, we review the record before the magistrate court to determine whether substantial and competent evidence supports the magistrate's findings of fact." *Id.* Additionally, "[i]n an appeal from a district court's determination of a case appealed to it from the magistrate court, we review the decision of the district court to determine whether it correctly applied the applicable standard of appellate review." *In re Guardianship of Doe*, 157 Idaho 750, 753, 339 P.3d 1154, 1157 (2014). We freely review questions of law, such as statutory interpretation. *McCormick*, 153 Idaho at 470, 283 P.3d at 787.

"When this Court reviews a trial court's decision on summary judgment, it employs the same standard as that properly employed by the trial court when originally ruling on the motion." *Montgomery v. Montgomery*, 147 Idaho 1, 5, 205 P.3d 650, 654 (2009). "We construe disputed facts and draw all reasonable inferences in favor of the non-moving party." *Id.* Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "The [trial] court evaluates a motion to reconsider an order granting summary judgment by employing the summary judgment standard, and this Court uses that same standard to review the [trial] court's order with respect to such a motion." *Franklin Bldg. Supply Co. v. Hymas*, 157 Idaho 632, 637, 339 P.3d 357, 362 (2014); *see also Shea v. Kevic Corp.*, 156 Idaho 540, 545, 328 P.3d 520, 525 (2014).

### III. ANALYSIS

Hedrick's appeal challenges the district court's interpretation of Idaho Code section 7-1106(2), argues that a paternity test proving non-paternity is a conclusive mechanism for rescinding a VAP, and advances a constitutional challenge based on the VAP. Gordon's cross-appeal raises additional issues, including the district court's denial of his request for an award of attorney fees. We address these issues in turn.

### A. The district court erred in interpreting the words "material mistake of fact" in Idaho Code section 7-1106(2) to mean a mutual mistake of fact.

The district court interpreted the words "material mistake of fact" in Idaho Code section 7-1106(2) to mean a "*mutual* mistake of fact." Hedrick argues the district court's interpretation is inconsistent with the plain language of Idaho Code section 7-1106 because the statute does not

4

require a mutual mistake. Gordon responds that the district court correctly interpreted Idaho Code section 7-1106 as requiring something more than a unilateral mistake.

"The objective of statutory interpretation is to give effect to legislative intent." *State v. Yzaguirre*, 144 Idaho 471, 475, 163 P.3d 1183, 1187 (2007). "Because 'the best guide to legislative intent is the words of the statute itself,' the interpretation of a statute must begin with the literal words of the statute." *Id.* (quoting *In re Permit No. 36–7200*, 121 Idaho 819, 824, 828 P.2d 848, 853 (1992)). When language is unambiguous, there is no reason for a court to consider rules of statutory construction. *Idaho Youth Ranch, Inc. v. Ada Cnty. Bd. of Equalization*, 157 Idaho 180, 184–85, 335 P.3d 25, 29–30 (2014). A statute is ambiguous when:

> [T]he meaning is so doubtful or obscure that reasonable minds might be uncertain or disagree as to its meaning. However, ambiguity is not established merely because different possible interpretations are presented to a court. If this were the case then all statutes that are the subject of litigation could be considered ambiguous . . . . [A] statute is not ambiguous merely because an astute mind can devise more than one interpretation of it.

*Farmers Nat'l Bank v. Green River Dairy, LLC*, 155 Idaho 853, 856, 318 P.3d 622, 625 (2014) (alterations in original) (quoting *BHA Invs., Inc. v. City of Boise*, 138 Idaho 356, 358, 63 P.3d 482, 484 (2003)).

Idaho law recognizes VAPs.[4] "A voluntary acknowledgment of paternity for an Idaho birth shall be admissible as evidence of paternity and *shall constitute a legal finding of paternity* upon the filing of a signed and notarized acknowledgment with the vital statistics unit of the department of health and welfare." I.C. § 7-1106(1). After a sixty-day period for rescission has lapsed, "an executed acknowledgment of paternity may be challenged only in court on the basis of fraud, duress, or *material mistake of fact*, with the burden of proof upon the party challenging the acknowledgment." I.C. § 7-1106(2).

The district court interpreted "material mistake of fact" to mean a "mutual mistake of fact." The word "mutual" is not to be found in the "literal words of the statute, and this language should be given its plain, obvious, and rational meaning." *Idaho Youth Ranch*, 157 Idaho at 184, 335 P.3d at 29 (internal quotations omitted) (quoting *Seward v. Pac. Hide & Fur Depot*, 138 Idaho 509, 511, 65 P.3d 531, 533 (2003)). For that reason, we conclude that the district court erred in its analysis.

---

[4] Chapter 7, Title IV, Part D of the Social Security Act makes public assistance program funding contingent on states maintaining child support enforcement programs with procedures for VAPs. 42 U.S.C. § 666(a)(5)(D)(iii).

Although the district court erred it its interpretation of Idaho Code section 7-1106(2), it nevertheless correctly focused on the absence of evidence that Hedrick executed the VAP as a result of mistake. This is because the party seeking to rescind a VAP is not required to show that one of the parties executing the VAP did so as a result of fraud, duress, or material mistake; rather, the party seeking rescission must show that *his or her* acknowledgement of paternity was the product of fraud, duress, or material mistake of fact.

The district court held that the grounds for relief under Idaho Code section 7-1106(2) must be proved by clear and convincing evidence. The statute is silent as to the burden of proof and the district court did not explain the basis for imposing a heightened evidentiary standard. We presume that the district court applied the general rule that relief for mutual mistake requires a showing by clear and convincing evidence. *See e.g.*, *O'Connor v. Harger Const., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008).

We hold that the district court identified the appropriate burden of proof. In doing so, we have considered the grounds the legislature has provided for rescission of a VAP: fraud, duress, or material mistake. In civil litigation, parties asserting such claims bear the burden of proving their claims by clear and convincing evidence. *Country Cove Dev., Inc. v. May*, 143 Idaho 595, 600, 150 P.3d 288, 293 (2006) (fraud); *Van Meter v. Zumwalt*, 35 Idaho 235, 241–42, 206 P. 507, 508–09 (1922) (duress); *O'Connor*, 145 Idaho at 909, 188 P.3d at 851 (mutual mistake).

We consider it significant that Idaho Code section 7-1106(1) provides that the filing of a VAP "shall constitute a legal finding of paternity." Thus, an action to rescind a VAP is analogous to a motion for relief from a judgment. Although we have not specifically articulated the burden of proof that a party bears in all instances wherein a party seeks relief from a judgment pursuant to Rule 60, I.R.C.P., we note that the federal courts generally require clear and convincing evidence for relief under the analogous federal rule. *In re Barr*, 183 B.R. 531, 537 (Bankr. N.D. Ill. 1995); *In re Dorff*, 480 B.R. 919, 922 (Bankr. E.D. Wis. 2012); *but see In re ABS Ventures, Inc.*, 523 B.R. 443, 449 (Bankr. M.D. Pa. 2014) (party seeking relief under Rule 60(b)(1) has burden to demonstrate by preponderance of the evidence entitlement to relief). We require proof by clear and convincing evidence when a party seeks relief from a judgment

6

pursuant to Idaho Rule of Civil Procedure 60(b)(3). *Profits Plus Capital Mgmt., LLC v. Podesta*, 156 Idaho 873, 886, 332 P.3d 785, 798 (2014).[5]

In view of the burden of proof traditionally assigned to claims of fraud, duress and mistake and considering the importance of finality in matters relating to paternity, we hold that a party seeking relief under Idaho Code section 7-1106(2) bears the burden of proving his or her claim by clear and convincing evidence.[6]

In summary, we hold the district court erred in interpreting the words "material mistake of fact" in Idaho Code section 7-1106 to mean a "mutual mistake of fact." Instead, under Idaho Code section 7-1106(2), the party challenging a VAP has the burden of proving by clear and convincing evidence that, at the time of its execution, the VAP was the result of fraud, duress, or material mistake of fact.

**B. The district court did not err by rejecting Hedrick's argument that a genetic test proving non-paternity conclusively rescinds a VAP.**

---

[5] This opinion should not be interpreted as a decision that the burden of proving entitlement to relief from a judgment under all subsections of Idaho Rule of Civil Procedure 60(b) is clear and convincing evidence, as that question is not before the Court today. We have uniformly held that relief from a judgment based upon fraud, pursuant to Idaho Rule of Civil Procedure 60(b)(3), requires clear and convincing evidence. *Profits Plus*, 156 Idaho at 886, 332 at 798; *Kuhn v. Coldwell Banker Landmark, Inc.*, 150 Idaho 240, 250, 245 P.3d 992, 1002 (2010); *Campbell v. Kildew*, 141 Idaho 640, 649, 115 P.3d 731, 740 (2005); *Golder v. Golder*, 110 Idaho 57, 59, 714 P.2d 26, 28 (1986)(absent overreaching by spouse owing fiduciary duty, burden on party seeking to set aside divorce decree is clear and convincing evidence); *Heston v. Payne*, 97 Idaho 193, 196, 541 P.2d 617, 620 (1975)(affirming grant of relief pursuant to Rule 60(b)(3) based upon showing by clear and convincing evidence that evidence purporting to be business records was manufactured for trial); *Willis v. Willis*, 93 Idaho 261, 265, 460 P.2d 396, 400 (1969)(affirming trial court's refusal to grant relief pursuant to Rule 60(b)(3) due to movant's failure to prove perjury by clear and convincing evidence).

However, when considering a motion pursuant to Rule 60(b)(2), I.R.C.P., based upon a claim of newly discovered evidence, this Court has suggested that the movant bears the burden of proof by a preponderance of the evidence. *Roberts v. Bonneville Cnty.*, 125 Idaho 588, 592, 873 P.2d 842, 846 (1994). Thus, we acknowledge differing burdens of proof may apply to motions pursuant to Rule 60(b). However, we are unable to discern a principled basis for applying differing burdens of proof to the various grounds for relief from a VAP pursuant to Idaho Code section 7-1106(2), i.e., that a party claiming fraud or duress should carry a heavier burden of proof than a party claiming mistake.

[6] Although not an issue in this appeal, we note that Idaho Code section 7-1106 does not explicitly identify when the "fraud, duress, or a material mistake of fact" must occur. Other courts that have considered this issue have arrived at the logical conclusion that fraud, duress, or a material mistake of fact must occur at the time that the VAP is executed. *In re Paternity of Snyder*, 26 N.E.3d 996, 999 (Ind. Ct. App. 2015) ("[O]nce paternity is established it may not be disestablished, unless fraud, duress, or a material mistake of fact is shown to have existed at the time the paternity affidavit was *executed*."); *Allison v. Medlock*, 983 So. 2d 789, 791 (Fla. Dist. Ct. App. 2008) (discussing whether there was a mistake of fact "at the time the paternity affidavit was signed"); *Baldwin v. Wolfe*, No. FA104011811S, 2010 WL 3447814, at *2 (Conn. Super. Ct. Aug. 3, 2010) (holding a mother did not show duress "at the time she signed the acknowledgment of paternity."). We, likewise, hold that the fraud, duress, or a material mistake of fact must exist when the VAP is executed.

Below, Hedrick argued a genetic test proving non-paternity is conclusive, requiring rescission of a VAP. The district court did not address this argument. Before this Court, Hedrick contends that the district court's ruling was inconsistent with other sections of Title 7, Chapter 11 of the Idaho Code (the Chapter) because a genetic test disestablishing paternity is conclusive under other sections within the chapter.

Upon the request of a party, a trial court must order genetic testing if requested and the results must be admitted in the absence of a challenge to the testing procedure or analysis. I.C. § 7-1116(1). "A genetic test result with a probability of paternity of at least ninety-eight percent (98%) shall create a rebuttable presumption of paternity." *Id.* "Whenever the results of the tests exclude any male witness from possible paternity, the tests shall be conclusive evidence of nonpaternity of the male witness." I.C. § 7-1116(5). Further, the Chapter provides:

> If the court finds that the conclusions of all the experts, as disclosed by the evidence based upon the tests, are that the defendant is not the father of the child, the question of paternity shall be resolved accordingly, and the action shall be dismissed with costs awarded to the defendant.

I.C. § 7-1118.

Notwithstanding these provisions, Hedrick's contention is without merit. This is because Idaho Code section 7-1106(2) explicitly provides that a VAP may "only" be challenged based upon "fraud, duress, or material mistake of fact." This Court is not free to amend the statute, by way of judicial decision, to provide that a VAP "may be challenged only in court on the basis of fraud, duress, or material mistake *or a genetic test demonstrating nonpaternity.*"

## C. We decline to address constitutional arguments that Hedrick raises for the first time on appeal.

Hedrick contends that the district court's decision presents constitutional issues because Hedrick and the biological father's liberty interests are now threatened and the VAP failed to give her notice of its potential consequences. "This Court generally will not consider constitutional issues that have been raised for the first time on appeal." *Cox v. Hollow Leg Pub & Brewery*, 144 Idaho 154, 159, 158 P.3d 930, 935 (2007) (quoting *Buffington v. Potlatch Corp.*, 125 Idaho 837, 840, 875 P.2d 934, 937 (1994)).

Hedrick asserts that she should be able to advance her constitutional claims on appeal because she alleges they became apparent only after the district court issued its decision. We are not so persuaded. Issues relating to the VAP and the biological parents' liberty interests should have been apparent to Hedrick once the case was appealed to district court. Indeed, they should

have been immediately apparent once Gordon brought his motion to reconsider based upon the VAP and Idaho Code section 7-1106(2). Thus, we decline to address Hedrick's constitutional arguments.

For the foregoing reasons, we find that the district court properly determined that the magistrate court's judgment dismissing Gordon's action and its order directing amendment of the birth certificate should be vacated and the case remanded.[7]

**D. We are not persuaded by Gordon's claims on cross-appeal.**

Gordon's cross-appeal challenges aspects of the magistrate court's decision, asserting that the district court should have found them to be erroneous, despite the fact that the district court reversed the magistrate court's judgment. "A party must file a cross-appeal only if it seeks to change or add to relief the district court provided, but not when the party asks us to sustain a judgment on grounds presented to, but not relied on by, the district court." *Noak v. Idaho Dep't of Corr.*, 152 Idaho 305, 310, 271 P.3d 703, 708 (2012). Gordon was not required to cross-appeal to present these claims because they represent alternative claims for affirmance of the relief granted by the district court.

1. Gordon waived argument under I.R.C.P. 7(b)(1) by not raising it below.

After hearing argument, the magistrate court orally granted Hedrick's motion for summary judgment, subsequently issuing an order dismissing the action, changing M.H.'s name, and directing that Gordon's name be removed from the birth certificate. Hedrick's motion for summary judgment stated "[t]he original grounds pleaded in Plaintiff's Complaint are no longer based on fact" because of the results of the genetic test. It requested the removal of Gordon's name from M.H.'s birth certificate, a change of M.H.'s name, and the dismissal of Gordon's complaint for custody. On cross-appeal, Gordon argues that Hedrick's summary judgment motion failed to meet the standards of I.R.C.P. 7(b)(1) by failing to state what grounds for relief were requested.

"The longstanding rule of this Court is that we will not consider issues that are raised for the first time on appeal." *Row v. State*, 135 Idaho 573, 580, 21 P.3d 895, 902 (2001). Gordon did not present the magistrate court with an objection to Hedrick's motion based upon I.R.C.P.

---

[7] There is language in the district court's opinion that suggests that the district court intended its decision to be conclusive as to Gordon's paternity. ("Note that I do not reach any conclusion on custody. I do not reach any conclusion on termination of parental rights, or on guardianship."). This was an appeal from a grant of summary judgment in Hedrick's favor. On remand, she is entitled to attempt to prove grounds under Idaho Code section 7-1106(2) for rescission of the VAP.

7(b)(1). Gordon argues that this Court should apply federal law and review this claim by employing the federal plain error doctrine. "Where the federal courts employ the plain error doctrine, Idaho courts employ the fundamental error doctrine." *State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010). The fundamental error doctrine does not apply in this case. This is a civil case and the doctrine "applies to all claims of error relating to proceedings in *criminal* cases in the trial courts." *State v. Carter*, 155 Idaho 170, 174, 307 P.3d 187, 191 (2013). Further, if the doctrine did extend to this action, Gordon's claim would fail because Gordon has not established a constitutional violation and his burden is to prove the alleged error "violates one or more of [his] unwaived constitutional rights." *Id.* For these reasons, the I.R.C.P. 7(b)(1) issue will not be considered because Gordon raises it for the first time on appeal.

2. <u>Gordon waived his argument that he was given inadequate time to prepare for the summary judgment proceeding because he did not raise this argument below.</u>

Hedrick brought her summary judgment motion on July 11, 2013, and the motion was argued and granted on July 25, 2013, which was fourteen days after the original motion was brought. On cross-appeal, Gordon argues that the magistrate court erred because it did not give Gordon adequate time to respond to Hedrick's motion. Idaho Rule of Civil Procedure 56(c) provides: "The motion, affidavits and supporting brief shall be served at least twenty-eight (28) days before the time fixed for the hearing." The rules also provide "[a]n error or defect in procedure which does not affect the substantial rights of the complaining party cannot be made the basis of reversal." *Knudson v. Bank of Idaho*, 91 Idaho 923, 926, 435 P.2d 348, 351 (1967) (citing I.R.C.P. 61).

Gordon did not object to the amount of time he had to respond to the motion so, once again, this Court will not consider the issue. *See Heer v. Oil, Chem. & Atomic Workers Int'l Union*, 123 Idaho 889, 890, 853 P.2d 634, 635 (Ct. App. 1993) (holding that by failing to object, a party waived any argument that a failure to comply with the notice requirements of I.R.C.P. 56(c) violated his substantial rights); *Bennett v. Bliss*, 103 Idaho 358, 360, 647 P.2d 814, 816 (Ct. App. 1982) (holding that a district court could not have erred when it considered a motion for summary judgment not served within the time prescribed by I.R.C.P. 56(c) when a party failed to object).

3. <u>There is no basis for Gordon's cross-appeal asserting that the district court erred by failing to address arguments Hedrick purportedly advanced for the first time on appeal.</u>

Gordon contends that Hedrick advanced new arguments for the first time on appeal to the district court and the district court erred by considering them. This argument is found only in a caption: "The District Court erred or abused its discretion when it considered Defendant's new arguments raised for the first time on appeal." Gordon then cites authority, similar to that which we have previously identified, for the proposition that appellate courts will not consider issues raised for the first time on appeal. The district court rejected Hedrick's arguments, ruling against her and reversing the judgment previously entered in her favor. We will not engage in the academic exercise of determining the extent to which Hedrick advanced new claims when there was no resultant prejudice to Gordon. *Cf*. I.R.C.P. 61.

**E. The district court did not abuse its discretion by failing to award attorney fees to Gordon.**

The magistrate and district courts did not award attorney fees. Gordon now claims that the district court abused its discretion by not awarding him attorney fees because Hedrick pursued her summary judgment motion without a basis in law or fact and breached her duty of candor. Gordon seeks fees and costs against Hedrick and her attorneys of record under Idaho Appellate Rule 11.2, Idaho Code sections 12-123 and 12-121, I.R.C.P. 11(a)(1), 54(d)(l)(b) and (e)(l), and Idaho Rule of Professional Conduct 3.3.

"A district court's determination not to award attorney fees is within the court's sound discretion, and will not be disturbed on appeal unless there is an abuse of discretion." *Hehr v. City of McCall*, 155 Idaho 92, 98, 305 P.3d 536, 542 (2013). "When we consider whether a trial court abused its discretion, the standard is whether the court perceived the issue as discretionary, acted within the boundaries of its discretion and consistently with the legal standards applicable to the specific choices available, and reached its decision by and exercise of reason." *Idaho Transp. Dep't v. Ascorp, Inc.*, 159 Idaho 138, 140, 357 P.3d 863, 865 (2015). Although Gordon has identified the governing legal standards, he has failed to explain either how the district court's refusal to award attorney fees was inconsistent with those standards or failed to demonstrate the exercise of reason. For this reason, we conclude that Gordon has not demonstrated that the district court abused its discretion.

**F. Gordon has not demonstrated entitlement to attorney fees on appeal.**

Gordon requests this Court to impose sanctions against Hedrick or her attorney pursuant to Rule 11.2, I.A.R. In support of this request, Gordon identifies conduct before the lower courts

that he deems to merit imposition of sanctions. Significantly, Gordon has not identified any document filed with this Court that would warrant the imposition of sanctions. Therefore, he is not entitled to attorney fees pursuant to that rule. *Giles v. Eagle Farms, Inc.*, 157 Idaho 650, 659, 339 P.3d 535, 544 (2014).

## IV. CONCLUSION

We affirm the decision of the district court. We award no costs on appeal.[8]

Chief Justice J. JONES and Justices EISMANN, BURDICK and W. JONES, **CONCUR**.

---

[8] "Costs shall be allowed as a matter of course to the prevailing party unless otherwise provided by law or order of the Court." I.A.R. 40(a). Hedrick has failed in her challenge to the district court's decision and Gordon has failed in his cross-appeal. Since the results of the appeal are mixed we decline to award either party costs on appeal. *Van Brunt v. Stoddard*, 136 Idaho 681, 690, 39 P.3d 621, 630 (2001).