## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 45697

SHAD LEWIS HAMBERLIN,            )
                                 )
    Plaintiff-Respondent,        )    Pocatello, September 2019 Term
                                 )
v.                               )    Opinion Filed: December 11, 2019
                                 )
JORDAIN LEANN BRADFORD,          )    Karel A. Lehrman, Clerk
                                 )
    Defendant-Appellant,         )
                                 )

Appeal from the District Court of the Seventh Judicial District of the
State of Idaho, Bonneville County. Joel E. Tingey, District Judge.

The judgment of the district court is <u>affirmed</u>. Costs are <u>awarded</u> to
Hamberlin as the prevailing party.

Larren Covert, Swafford Law, PC, Idaho Falls, attorney for Appellant.
Ron Swafford argued.

Kristopher D. Meek and Megan Hopfer, Beard St. Clair Gaffney PA,
Idaho Falls, attorney for Respondent. Kristopher D. Meek argued.

_____

BEVAN, Justice

### I. NATURE OF THE CASE

This is a case about the binding nature of a Voluntary Acknowledgement of Paternity Affidavit ("VAP") and the efforts of a child's biological mother to rescind the VAP after she and the father separated. The magistrate court rejected the mother's effort to rescind the VAP and the district court affirmed that ruling. The mother (Jordain Bradford) appeals from the district court's decision. We affirm.

### II. FACTUAL AND PROCEDURAL BACKGROUND

In 2013 and 2014 Bradford was involved in relationships with both Shad Hamberlin and Matthew Edwards. She was not married to either man. On September 24, 2014, Bradford gave birth to a minor child, T.J.H. Bradford and Hamberlin discussed the timing of her pregnancy and decided that Hamberlin had to be T.J.H.'s father. Bradford did not discuss the pregnancy with

1

Edwards, nor were any additional objective measures, such as a paternity test, taken at that time. On July 7, 2015, when T.J.H. was over nine months old, Bradford and Hamberlin each signed and notarized a VAP, in which they both acknowledged that Hamberlin was the biological father of T.J.H. Both also consented to "the recording of [Hamberlin's] name, date, and place of birth on the birth certificate of the [minor] child." The State of Idaho then issued a Certificate of Live Birth for T.J.H., on which Hamberlin is listed as T.J.H.'s father.

Bradford and Hamberlin lived with T.J.H., generally in Bradford's parents' home, until around September 30, 2016, when they separated. Hamberlin initiated a case in the magistrate division of the district court on October 21, 2016, by petitioning to establish child custody and child support for T.J.H. Bradford initially answered the petition by admitting, among other things, that she and Hamberlin are the biological parents of T.J.H. and that "both parties should have legal custody and joint physical custody of T.J.H. . . ." Bradford reversed course less than one month later, amending her answer to disavow that Hamberlin was a biological parent of T.J.H., and positing that Hamberlin should have no custody of the minor child. Bradford amended her answer again in January 2017. This pleading continued to deny that Hamberlin was a biological parent of T.J.H., and affirmatively asserted that Hamberlin "has [no] legal right to have any of the care, custody and control of the minor child. . . ." Bradford also asserted for the first time, as an affirmative defense, that Hamberlin "is not the biological father of the minor child at issue in this matter."

The second amended answer was accompanied by a motion for stay of proceedings for a paternity test and/or determination of biological father of minor child. Bradford filed a supporting affidavit asserting that the "natural father of the minor child T.J.H. is Matthew D. Edwards. . . ." Bradford attached a paternity test showing that Edwards had a 99.99% chance of being the biological father of T.J.H. Hamberlin objected to Bradford's motion to stay proceedings, citing the VAP that Hamberlin and Bradford had signed after T.J.H. was born. Hamberlin also cited this Court's decision in *Gordon v. Hedrick*, 159 Idaho 604, 364 P.3d 951 (2015) for the proposition that a genetic test showing nonpaternity is not a sufficient ground to challenge a VAP.

Soon after submitting the paternity test results, Bradford moved to rescind the VAP, asserting that the motion was based on Idaho Code section 7-1106(2),[1] claiming that she had made a material mistake of fact by "stating that [Hamberlin] was the biological father of the minor child. . . ." Hamberlin again objected based on *Gordon*, arguing that based on the VAP, he is T.J.H.'s "legal father and paternity is conclusive as a matter of law." Bradford amended and verified her motion to rescind, continuing to argue that she made a "material mistake of fact in [her] erroneous belief, misunderstanding and/or misconception that the respondent was the biological father of the child. . . ."

In March 2017, the magistrate court denied Bradford's request to (1) stay the proceedings, (2) determine paternity, and (3) rescind the VAP. The magistrate court found that Bradford did not act as a reasonable and prudent person in signing the VAP when she knew or should have known that she was intimate with Hamberlin and another individual who also could have been the father of her child. As a result, the magistrate court determined that Bradford's alleged mistake of fact did not qualify as the type of mistake contemplated by the statute. The court also held that rescinding the VAP after four years would not be in the best interests of the child. The magistrate court separately held that Bradford's motion to rescind the VAP was not timely because she did not act consistently with the six-month timeframe in Idaho Rule of Civil Procedure 60, highlighting that the significance of Bradford's delay was particularly relevant in light of the ongoing father/child relationship between Hamberlin and T.J.H.

Bradford moved for a permissive appeal to the district court, which the magistrate court granted. On November 9, 2017, the district court issued its decision on appeal. The district court held the magistrate court erred in finding that Bradford's motion to rescind was time-barred for not complying with Rule 60 because there is nothing in Idaho Code section 7-1106(2) that imposes such a limitation. The district court also rejected the magistrate court's mention of the best interest of the child standard when there is no reference to such a standard in the statute, holding that the child's best interests could not be the basis for denying Bradford's motion to rescind. Even so, the district court affirmed the magistrate court's conclusion, holding that in

---

[1] Idaho Code section 7-1106(2) provides: "After the [sixty-day] period for rescission, an executed acknowledgment of paternity may be challenged only in court on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the party challenging the acknowledgment."

seeking relief from judgment based upon a mistake of fact, the party seeking relief must have acted as a reasonable person exercising due diligence. The district court held:

> [T]he issue before the magistrate was essentially whether [Bradford's] failure to recall sexual contact during the time in question was a reasonable mistake justifying rescission. The magistrate concluded that it was not. This [c]ourt agrees. Again, the reasonableness of the mistake requires consideration of what a reasonable person would do or remember under the circumstances and whether [Bradford] acted with due diligence. [Bradford] had the burden to prove these elements by clear and convincing evidence. The evidence (or lack thereof) supports the magistrate's conclusion that [Bradford] did not act reasonably and did not exercise due diligence.

Bradford timely appealed the district court's holding to this Court.

### III. ISSUES ON APPEAL

1. Did the district court err in applying a reasonable person standard to Bradford's motion to set aside the VAP under Idaho Code section 7-1106(2)?

2. Did the district court err in determining that Bradford did not act as a reasonable person?

3. Is either party is entitled to attorney fees on appeal under Idaho Code section 12-121?

### IV. STANDARD OF REVIEW

"On appeal of a decision rendered by a district court while acting in its intermediate appellate capacity, this Court directly reviews the district court's decision." *Gordon v. Hedrick*, 159 Idaho 604, 608, 364 P.3d 951, 955 (2015) (quoting *In re Estate of Peterson*, 157 Idaho 827, 830, 340 P.3d 1143, 1146 (2014)). "However, to determine whether the district court erred in affirming the magistrate court, we review the record before the magistrate court to determine whether substantial and competent evidence supports the magistrate's findings of fact." *Id*. This Court freely reviews questions of law, such as statutory interpretation. *Id*. at 609, 364 P.3d at 956.

### V. ANALYSIS

**A.** **We affirm the district court's application of a reasonable person standard in considering whether a material mistake of fact was made under Idaho Code section 7-1106(2).**

To begin, we note that a party may rescind a VAP for any reason within the first sixty days after it is filed. I.C. § 7-1106(1). However, once the sixty-day window closes, a party may only challenge a VAP by establishing fraud, duress, or material mistake of fact. I.C. § 7-1106(2). This Court has held that these constraints must be established by clear and convincing evidence.

*Gordon*, 159 Idaho at 610, 364 P.3d at 957. This heightened burden of proof aligns with other cases when a party seeks relief from judgment. *Id.*

Here, both the magistrate and district courts held that Bradford failed to meet this standard. Her conduct did not amount to a material mistake of fact because she did not act reasonably.[2] We hold that a reasonableness requirement is proper under the statutory framework of section 7-1106(2).

This Court exercises free review over statutory interpretation because it is a question of law. *Gordon*, 159 Idaho at 609, 364 P.3d at 956. "The objective of statutory interpretation is to give effect to legislative intent." *Id.* (internal citation omitted). Statutory interpretation begins with the statute's plain language. *Id.* "When language is unambiguous, there is no reason for a court to consider rules of statutory construction." *Id.* (citing *Idaho Youth Ranch, Inc. v. Ada Cnty. Bd. of Equalization*, 157 Idaho 180, 184–85, 335 P.3d 25, 29–30 (2014)). A statute is ambiguous when

> the meaning is so doubtful or obscure that reasonable minds might be uncertain or disagree as to its meaning. However, ambiguity is not established merely because different possible interpretations are presented to a court. If this were the case then all statutes that are the subject of litigation could be considered ambiguous. . . . [A] statute is not ambiguous merely because an astute mind can devise more than one interpretation of it.

*Id.* (quoting *Farmers Nat'l Bank v. Green River Dairy, LLC,* 155 Idaho 853, 856, 318 P.3d 622, 625 (2014)).

Under Idaho's Paternity Act, once a VAP is signed, notarized, and filed with the State, it constitutes a "legal finding of paternity."

> A voluntary acknowledgment of paternity for an Idaho birth shall be admissible as evidence of paternity and shall constitute a legal finding of paternity upon the filing of a signed and notarized acknowledgment with the vital statistics unit of the department of health and welfare.

I.C. § 7-1106(1).

We have not previously considered whether a party seeking to rescind a VAP under Idaho Code section 7-1106(2) on the grounds that a material mistake of fact was made must have acted reasonably and exercised due diligence in regards to that mistake; however, we have held

---

[2] The district court also held that the magistrate court erred by: (1) finding that Bradford's motion to rescind was time-barred for not complying with Rule 60; and (2) mentioning the best interest of the child standard. Neither party challenges these parts of the district court's ruling on appeal.

that "an action to rescind a VAP is analogous to a motion for relief from a judgment." *Gordon*, 159 Idaho at 610, 364 P.3d at 957.[3] Since a VAP constitutes "a legal finding of paternity," it is, for purposes of rescission, analogous to a judgment. In general, a party seeking relief from a judgment must "make a sufficient and adequate showing as to the exercise of diligence in reference to his mistake, inadvertence, or excusable neglect." *Council Improvement Co. v. Draper*, 16 Idaho 541, 102 P. 7, 9 (1909); *See also Savage v. Stokes*, 54 Idaho 109, 28 P.2d 900 (1934); *Ticknor v. McGinnis*, 33 Idaho 308, 193 P. 850 (1920). When mistake is alleged as grounds for relief, "such must be factual rather than legal and must be conduct that might be expected of a reasonably prudent person under the same circumstances." *Reeves v. Wisenor*, 102 Idaho 271, 272, 629 P.2d 667, 668 (1981).

Applying these standards to the rescission of a VAP is thus consistent with the statute's purpose, i.e., a VAP is a *legal finding* of paternity, which can be rescinded only (after the initial sixty-day period) upon a heightened showing of fraud, duress or a material mistake. The material mistake required to set aside a VAP is not established by one simply having second thoughts after a decision was made. When one considers a number of available alternatives and then makes a choice, she does not make a "mistake." Indeed, as Hamberlin argued here, a conscious decision among alternatives cannot be a mistake – particularly where the finality of matters of paternity is of such significant consequence. *See Gordon*, 159 Idaho at 611, 364 P.3d at 958. Thus, we hold that this case does not turn on a mere *mistake*, but upon a conscious—and now regretted—*choice*.

Applying a reasonable person standard to whether a material mistake was made when the VAP was executed ensures the finality of the acknowledgement and provides stability for the child. *See Gordon*, 159 Idaho at 611, 364 P.3d at 958 (highlighting the importance of finality in matters relating to paternity). To hold otherwise would allow either parent the unfettered power to rescind their prior declaration in a VAP affidavit for any subjective reason, at any time, by merely alleging the conclusory statement that he or she made a "material mistake." Such a

---

[3] The district court acknowledged this principle, although it cited *Gordon* to state that a motion to rescind a VAP is *tantamount* to a motion for relief from judgment. We now clarify that in *Gordon* we stated "an action to rescind a VAP is *analogous* to a motion for relief from a judgment." 159 Idaho at 610, 364 P.3d at 957 (emphasis added). Today we hold that a legal finding of paternity is akin to a judgment, and the district court's use of the word "tantamount" instead of "analogous" is a distinction without a difference.

standard would reduce a material mistake to merely having second thoughts, a result that is both legally erroneous and practically unworkable. We thus hold that the district court did not err in applying a reasonable person standard to determine whether Bradford made a material mistake that would justify rescission under Idaho Code section 7-1106(2).

**B.      We affirm the district court's determination that Bradford did not act as a reasonable person.**

Having concluded that the district court did not err in imposing a reasonable person standard, we next evaluate whether the district court erred in holding Bradford did not act as a reasonable person here. The district court affirmed the magistrate court's finding that Bradford failed to act reasonably when she signed and had notarized the statement that Hamberlin "was the biological father" of T.J.H. without taking other steps to confirm her election.

On appeal Bradford argues that this finding was erroneous, suggesting that she acted as a reasonable and prudent person. Specifically, Bradford claims that when she learned she was pregnant, she talked to Hamberlin and discussed the timing of their intimate encounters. Clearly, if Hamberlin was the only man with whom she was intimate around the time of conception, there would have been no need for a discussion about timing. Nevertheless, based on this discussion, Bradford claims that she believed Hamberlin would have to be the father. Some 18-20 months later, Bradford asserts that she talked to Edwards and realized that she had forgotten the times she was intimate with him when she signed the VAP. Edwards then took a paternity test, which Bradford asserts is what a reasonable person would do.

Bradford's position on appeal simply invites this Court to reweigh the evidence in the record. "It is not our role to reweigh the evidence." *Frontier Dev. Grp., LLC v. Caravella*, 157 Idaho 589, 595, 338 P.3d 1193, 1199 (2014); *In re Doe (2009–19)*, 150 Idaho 201, 209, 245 P.3d 953, 961 (2010). The magistrate court determined that it was not reasonable for Bradford to overlook her on-again/off-again relationships with both Hamberlin and Edwards around the time that T.J.H. was conceived. Substantial and competent evidence in the record supports this finding. Bradford knew or should have known that she was intimate with Edwards around the time T.J.H. was conceived and she made a conscious decision in the face of those alternatives to forgo a paternity test to confirm that Hamberlin was the biological father of T.J.H. Again, this was a choice, not a mistake. Her recently alleged misunderstanding at that time, or the reality as shown by the paternity test, are irrelevant. The objective facts are that both parties acted to

7

institute a finding of paternity that has been given effect for over four years. The VAP is "evidence of paternity and . . . constitute[s] a legal finding of paternity." I.C. § 7-1106(1). That the status of the relationship between Bradford and Hamberlin has now changed, leading to Bradford obtaining Edwards' paternity test, does not establish a reasonable mistake of fact by Bradford back in 2015. We therefore affirm the district court's conclusion that Bradford did not act reasonably by failing to exercise due diligence when she executed the VAP with Hamberlin. As a result, she may not claim a material mistake of fact now.

**C.      Neither party is awarded attorney fees on appeal.**

Both parties request attorney fees under Idaho Code section 12-121. Under this statute reasonable attorney fees may be awarded to the prevailing party when an appeal is brought or defended frivolously, unreasonably, or without foundation. I.C. § 12-121. However, "[a]ttorney fees under [section] 12-121 are not warranted where a novel legal question is presented." *McCann v. McCann*, 152 Idaho 809, 823, 275 P.3d 824, 838 (2012) (internal citation omitted). We decline to award attorney fees to either party on appeal. We have not previously considered whether a party seeking to rescind a VAP based on material mistake of fact must have acted reasonably when the VAP was executed. Thus, Bradford's appeal was not brought frivolously, unreasonably, or without foundation.

## VI. CONCLUSION

The district court's judgment is affirmed. Costs are awarded to Hamberlin as the prevailing party.

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.

8