545 P.2d 1012

In re Joan TOELKES, for a change of name of Chelsea Megan Young, a minor, Petitioner-Appellant.

No. 11841.

Supreme Court of Idaho.

Feb. 9, 1976.

Terrence R. White, of Weeks, Yost, White & Ahrens, Nampa, for petitioner-appellant.

BAKES, Justice.

Petitioner appellant Joan Toelkes brought this proceeding in the district court of Canyon County pursuant to I.C. § 7–801 *et seq.,* seeking to change the name of her two year old daughter, Chelsea Megan Young, to Chelsea Megan Toelkes. The child was given her father's surname at birth, but petitioner testified that she never married the child's father and that she now seeks to give the child her own surname. The petitioner testified that at all times she has assumed sole responsibility, custody and care of the child, whereas the putative father abandoned them two years prior to this time and has never provided any care or support for the child. Notice of hearing on the petition was published for four successive weeks in the local newspaper as required by I.C. § 7–803. No one appeared in opposition to the petition. At the hearing, the petitioner explained to the court, "I want to change [her name] before the children question her about the difference between my name and her name, and she will know about her name. I want to have it changed now." The trial court denied the petition on the assumption that to grant the petition "would make her a bastard on the face of the record."

The duty of the district court in presiding over a hearing on a petition for change of name is set out in I.C. § 7–804:

"7–804. *Hearing and Order.*—Such application must be heard at such time during term as the court may appoint, and objections may be filed by any person who can, in such objections, show to the court good reason against such change of name. On the hearing the court may examine, upon oath, any of the petitioners, remonstrants or other persons touching the application, and may make an order changing the name or dismissing the application, as to the court may seem right and proper."

While the phrase "as to the court may seem right and proper," confers a wide discretion on the district court in determining whether or not a change of name should be granted, the reason given by the trial court in this case reflects that the court's decision was based on an erroneous interpretation of the law. The legitimacy of the child in question was not at issue in this matter, and the granting of the petition for change of name under I.C. § 7–804 could only have determined the name by which the child would be known thereafter. It would not have had any effect upon the child's legitimacy. *Compare* I.C. § 7–1101, *et seq.*

The order of the district court is reversed and the cause remanded with directions to conduct a new hearing on said petition in conformance with the views expressed herein.

Order denying petition reversed, and cause remanded.

McFADDEN, DONALDSON and SHEPARD, JJ., and SCOGGIN, D. J., concur.