867 P.2d 1004

Timothy M. TEMPLETON and Kathryn Bell Templeton, Plaintiffs–Respondents,

v.

Edward L. HOGUE, Defendant–Appellant,

and

Edward E. Smith, Jr., Defendant.

No. 20410.

Court of Appeals of Idaho.

Jan. 4, 1994.

Featherston Law Firm, Daniel P. Featherston and Brent C. Featherston, Sandpoint, for appellant.

James H. Paulsen, Sandpoint, for respondents.

LANSING, Judge.

Edward L. Hogue appeals the district court's award of attorney's fees to Timothy Templeton and Kathryn Templeton pursuant to I.C. § 12–121 and I.R.C.P. 54(e). Because we conclude that Hogue waived any objection to the award of attorney fees before the district court, we affirm.

Hogue was sued by Timothy and Kathryn Templeton in a trespass action alleging that Hogue had constructed a road on land owned by the Templetons. The complaint also sought a decree quieting title to that portion of the property over which Hogue had constructed the roadway, a permanent injunction against his use of the roadway, treble damages pursuant to I.C. § 6–602, punitive damages and attorney's fees. Hogue answered and counterclaimed, asserting that he had a prescriptive easement across the Templeton property. After a court trial in which Hogue participated *pro se*, the district court entered its findings of fact and conclusions of law and awarded judgment in favor of the Templetons on their trespass and quiet title claims. The court dismissed the Templetons' claims for treble damages and punitive damages and Hogue's counterclaim for a prescriptive easement. The court also concluded that Hogue had defended the action "without a foundation" and held that the Templetons were entitled to an award of costs and attorney's fees pursuant to I.C. § 12–121.

On October 16, 1992, the Templetons filed a memorandum of costs and attorney's fees pursuant to I.R.C.P. 54(e)(5) and 54(d)(5). Hogue filed no objection to this memorandum of costs and fees. On November 16, 1992, a hearing on the cost bill was conducted. When the case was called for hearing, the plaintiffs' attorney was present but Ho-

gue was not. The court indicated that because no objection had been filed and the cost memorandum appeared in order, an amended judgment would be entered awarding costs and attorney fees in the amount requested. At that point, an attorney, Mr. Featherston,[1] who had not been in the courtroom up to this point, interjected that he was appearing for Hogue and that he wished to state on the record that Hogue objected to the request for attorney's fees. Mr. Featherston contended that although Hogue received the notice of hearing, he had never been served with the Templetons' memorandum of costs and fees, and, therefore, had no opportunity to file an objection. Given the absence of any affidavits or documentary evidence to support the claimed lack of notice, the district court entered the amended judgment awarding costs and fees. The court noted that, "I am going to leave it to Mr. Hogue, if he chooses to bring this matter to an issue, to do so in the regular course." Hogue appealed the amended judgment without presenting to the district court any request for relief from the attorney fee award.

■ I.R.C.P. 54(e)(6) provides that an objection to the allowance of attorney's fees must be filed in the same manner as provided in I.R.C.P. 54(d)(6) for an objection to an award of costs. Rule 54(d)(6) provides:

> Any party may object to the claimed costs of another party set forth in a memorandum of costs by filing and serving on adverse parties a motion to disallow part or all of such costs within fourteen (14) days of service of the memorandum of cost. Such motion shall ... be heard and determined by the court as other motions under these rules. *Failure to timely object to the items in the memorandum of costs shall constitute a waiver of all objections to the* · *costs claimed.* (Emphasis added.)

Hence, in the absence of a written motion filed within fourteen days after service of the memorandum of costs and fees, any objection to an award of attorney fees is waived. *Conner v. Dake*, 103 Idaho 761, 653 P.2d 1173

(1982); *Lowery v. Board of County Comm'rs*, 115 Idaho 64, 68, 764 P.2d 431, 435 (Ct.App. 1988), *aff'd* 117 Idaho 1079, 793 P.2d 1251 (1990); *Farber v. Howell*, 111 Idaho 132, 136, 721 P.2d 731, 735 (Ct.App.1986); *Operating Engineers Local 370 v. Goodwin*, 104 Idaho 83, 85, 656 P.2d 144, 146 (Ct.App.1982).

■ The record on appeal shows that no motion to disallow the attorney fees was filed by Hogue. His attorney's appearance at the hearing does not constitute the requisite filing of a motion and, even if treated as a motion, was untimely. Therefore, any objection to the award was waived.

No waiver would have occurred if Hogue had not been properly served with the cost memorandum. However, he presented no affidavit or testimony to the district court to establish a lack of service. If Hogue was served only the notice of hearing and not the memorandum of costs and fees, prior to the hearing he could have filed a motion for an extension of time within which to respond. *Cf. Lowery*, 115 Idaho at 68, 764 P.2d at 435. Alternatively, after entry of the amended judgment he could have moved to alter or amend the judgment under I.R.C.P. 59(e) or to set aside the judgment under I.R.C.P. 60(b). Hogue took none of these steps. In short, he did nothing in the district court to prove the alleged lack of service of the cost memorandum or to seek relief from the attorney fee award based upon that alleged procedural impropriety. Because there was no assertion to the trial court that a lack of service of the cost bill excused Hogue's waiver of objections, that issue will not be considered on appeal. *W.L. Scott, Inc. v. Madras Aerotech, Inc.*, 103 Idaho 736, 743, 653 P.2d 791, 798, (1982); *Zehm v. Associated Logging Contractors, Inc.*, 116 Idaho 349, 351, 775 P.2d 1191, 1193 (1989). Accordingly, we affirm the district court's award of attorney fees.

■ The Templetons request that we grant attorney fees on appeal pursuant to I.C. § 12–121. Attorney fees may be awarded under that statute where the case was

---

1. Mr. Featherston had previously appeared on behalf of Hogue for the limited purpose of moving for a continuance of the trial. He had, however, withdrawn from the case when that motion was denied. He apparently was contacted by Hogue to appear on his behalf at the November 16 hearing and has subsequently represented Hogue in this appeal.

brought or defended frivolously, unreasonably or without foundation. I.R.C.P. 54(e)(1). *Matter of Estate of Bagley,* 117 Idaho 1091, 1094, 793 P.2d 1263, 1266 (Ct.App.1990). On appeal, Hogue has failed to address the issue of his waiver of objections to the attorney fee award before the district court; he has argued only the merits of his contention that attorney fees ought not have been granted below. Hogue has not addressed to this Court any argument that a challenge to the attorney fee award was properly presented to the district court or preserved for appeal. Accordingly, we find that the appeal was pursued frivolously and without foundation, and we award attorney fees to the Templetons.

The judgment of the district court is affirmed. Attorney fees and costs to respondents in an amount to be determined in compliance with I.A.R. 40 and 41.

WALTERS, C.J., and PERRY, J., concur.