## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 47960

| | | |
|---|---|---|
| In the Interest of: Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE | ) ) | Filed: June 18, 2020 |
| Plaintiff-Respondent, | ) ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JOHN DOE (2020-21), | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas D. Kershaw, Jr., Magistrate.

Judgment terminating parental rights, affirmed.

Williams Law Office; Tim J. Williams, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent.

_____

GRATTON, Judge

John Doe (Father) appeals from the judgment terminating his parental rights. For the reasons set forth below, we affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Father is the biological parent of L.G., a minor child born August 29, 2017. L.G. was born prematurely and had a number of health issues as a result of methamphetamine exposure and withdrawal. The child was declared to be in imminent danger at birth and taken into custody by the Department of Health and Welfare (the Department). The child's biological Mother was not cooperative with authorities and has not participated in any stage of the proceedings

1

surrounding termination, including appeal. Initially, there was some confusion surrounding paternity and L.G. was given the surname of Mother's current boyfriend. However, a paternity test later confirmed Father was the biological parent. Father was incarcerated at the time but was notified in jail.

Following a shelter care hearing, the magistrate court determined L.G. would be released to the care of a foster family after her stay in intensive care. L.G.'s foster family previously adopted L.G.'s half-sister. A case plan was ordered and Father participated by telephone from jail on October 19, 2017. Father participated in five visits with L.G. before being arrested again. Father was released when L.G. was one and one-half years old. Not long afterward, Father received a DUI and was back in custody. Upon being released in December of 2019, Father lived with his mother who assisted him with visits because Father did not have a driver's license.

Father failed to make any significant progress on his case plan, and the Department filed a motion for the termination of parental rights on May 16, 2018. Trial was scheduled and then rescheduled to accommodate various incarcerations of Mother and Father and a medical emergency of an attorney. Eventually, trial was held on February 26, 2020. After trial, the magistrate court issued its decision and order terminating parental rights based on neglect, abandonment, and the best interests of the child. Father timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In*

*re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

Father claims on appeal that the magistrate court erred in terminating his parental rights because the Department did not make reasonable efforts to reunite L.G. with her father. Father also claims the magistrate court erred in determining his parental rights should be terminated because the Department did not prove, by clear and convincing evidence, that his rights should be terminated.

**A.      Reasonable Efforts Review**

Father claims the magistrate court used his lack of reunification with the child to determine that his parental rights should be terminated. Father asserts this was in error because the sole reason reunification did not occur with L.G. is because the Department "failed in allowing Father overnight and extended home visits throughout the case giving him the opportunity to reunify with his minor child." It is well-settled that the Department's efforts at reunification are not relevant to the magistrate court's termination decision under I.C. § 16-2005. Moreover, the record demonstrates the magistrate court did not specifically consider reunification, but instead the Father's actions which kept him from being reunified with L.G. For example, Father was incarcerated at least fifty percent of the child's life. Further, upon learning he could potentially have extended visitation and overnight visits, Father celebrated by, admittedly, overindulging in alcohol and receiving a DUI. Father has failed to identify how reasonable efforts are relevant in the determination of his parental rights or how the findings surrounding his own actions were not the basis for the decision to terminate his parental rights.

**B.      Substantial and Competent Evidence Supports the Magistrate Court's Finding of Neglect**

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

Father argues there was insufficient evidence to terminate parental rights, specifically his failure to complete the case plan because he maintained employment, stable housing, was doing well on probation, and consistently visited L.G. The magistrate court determined L.G. was neglected for a number of reasons, noting the Department's observation that L.G. was not bonded with Father who had spent over half the child's life incarcerated. The district court stated:

> [Father] has not provided for or maintained a normal relationship with the child over
> the period of this child protection action. Although he has made recent efforts, the
> court must draw a line under those efforts at some point in time and evaluate them
> over the period of the child's life. That point in time would logically be the time of

4

trial. The delays in scheduling the trial . . . gave [Father] a lot of extra time to make efforts and most of that time was not well used.

Father's prolonged and repeated incarceration, which led to his inability to provide financial support, proper parental care or control, and L.G.'s thirty consecutive months in foster care is more than sufficient to establish that L.G. was neglected. Father additionally did not comply with the requirements of his case plan even with extended time to do so, including the parenting class and a number of drug tests. The magistrate court's finding that the child was neglected is supported by substantial and competent evidence.

**C.    Substantial and Competent Evidence Supports the Magistrate Court's Findings of Abandonment**

In this case, the magistrate court terminated Father's parental rights on the ground of abandonment, I.C. § 16-2005(1)(a). Pursuant to I.C. § 16-2002(5), abandonment occurs when the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact. The word "or" is a disjunctive particle used to express an alternative and, thus, the willful failure to maintain a normal parental relationship can be based upon either the failure to pay reasonable support, or the failure to have regular personal contact, or some other failure. *Doe I v. Doe II*, 148 Idaho 713, 715, 228 P.3d 980, 982 (2010).

When a parent fails to maintain a normal parental relationship without just cause for a period of one year, prima facie evidence of abandonment exists. I.C. § 16-2002(5). There is no universal standard for what constitutes a normal parental relationship, and whether such a relationship exists depends on the facts and circumstances of each case. *Doe v. Doe*, 150 Idaho 46, 50, 244 P.3d 190, 194 (2010). The petitioner bears the burden of persuasion to demonstrate that the parent lacks a normal parental relationship with the child and that there is no just cause for the failure to maintain such a relationship. *Id.* If the petitioner is able to meet this burden, the parent then has the burden of production to present evidence of just cause. *Id.* If the magistrate court finds that just cause has not been established, the petitioning party has met its burden of persuasion. *Id.*

The magistrate court found Father abandoned L.G. because he had failed to provide for or maintain a normal relationship with the child over the period of the child protection action. As Father fails to address the issue on appeal, we need not address it any further but note the record appears to support the finding. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010)

5

(Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the court.).

**D. Substantial and Competent Evidence Supports the Magistrate Court's Conclusion That Termination Is in the Child's Best Interests**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Father argues termination is not in L.G.'s best interests because Father is attempting to change his life and has made some progress. The magistrate court determined it would be in L.G.'s best interests to terminate the parental relationship with her Father. Specifically, it stated:

> [L.G] has been in the care of her foster family since the age of about 7 weeks. That family had previously adopted her sibling and she considers this family to be her parents and family. She has some special needs which can best be met by the foster family. She has never spent a night with her father . . . . Despite [Father's] recent efforts, the court must conclude that L.G.'s best interests require that she be placed with her foster family on a permanent basis. Their intention is to adopt her if parental rights are terminated, and such adoption would be best.

It is clear upon review that the magistrate court considered the best interests of the child and that those determinations are supported by substantial and competent evidence. Father has been incarcerated for the majority of the child's life, which she has spent with her foster family and half sibling. Additionally, L.G.'s exposure to methamphetamine in utero has left her with special needs and fragile health. Her foster mother testified her health requires twenty-four hour care and special classes for speech development. Father has not shown that he can accommodate these needs. As noted by the magistrate court, L.G.'s current home provides permanency and stability. For these reasons, we hold the magistrate court's conclusion terminating Father's parental rights is in L.G.'s best interest and is supported by substantial and competent evidence.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's decision to terminate Father's parental rights on the basis of neglect, abandonment, and the child's best interests. Accordingly, we affirm the order terminating Father's parental rights.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.