**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 47918**

| | | |
|---|---|---|
| In Re: Name Change of John Doe, | ) | |
| A Child Under Eighteen (18) Years of Age. | ) | |
| --------------------------------------------------- | ) | Boise, February 2021 Term |
| DENA MICHELLE HAYES, | ) | |
| | ) | Filed: March 31, 2021 |
| Petitioner-Appellant, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | |
| MASSIMO MEDIOLI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Gerald F. Schroeder, Senior Judge Presiding.

The order of the District Court is <u>affirmed</u>. The award of attorney fees is <u>reversed</u> and <u>vacated</u>. Attorney fees on appeal are <u>denied</u>. Costs on appeal are <u>awarded</u> to Medioli.

Ludwig Shoufler Miller Johnson, LLP, Boise, attorneys for Appellant. Daniel Miller argued.

Cosho Humphrey, LLP, Boise, attorneys for Respondent. Mackenzie Whatcott argued.

---

BEVAN, Chief Justice

Massimo Medioli petitioned the magistrate court to change his minor child's name. The child's mother, Dena Hayes, objected. The magistrate court granted Medioli's petition finding the name change to be "right and proper," as provided by Idaho Code section 7-804. Hayes appealed to the district court. The district court affirmed. The district court awarded Medioli attorney fees pursuant to Idaho Code section 12-121. Hayes appeals the district court's decision and fee award. We affirm on the merits, but reverse the district court's award of attorney fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

1

Hayes and Medioli have one minor child together, Alexander, who was born on December 3, 2015. Hayes and Medioli were not married when Alexander was born, nor were they subsequently married. Alexander's birth certificate lists his name as "Alexander Thomas Hayes." Hayes and Medioli's relationship deteriorated soon after Alexander's birth and on April 2, 2018, a magistrate court granted Hayes sole legal custody of Alexander.

On May 15, 2018, Medioli, in a proceeding separate from the custody case, petitioned to change Alexander's name from "Alexander Thomas Hayes" to "Alexander Thomas Medioli-Hayes." Hayes objected. The magistrate court heard the parties' arguments and testimony about the name change on March 25, 2019. Ruling from the bench, the magistrate court found:

> And I understand what everybody is saying. You want the child to have your name. You don't want the child to have his name. But I haven't heard anything today that convinces me that changing the child's name so that it includes his father's name is not right and proper. . . .
>
> And I'm not convinced that anything I've heard would be detrimental to the child. In fact, I believe that having the name may give the child an increase in his socioeconomic status and allow further bonding between father and son.
> . . . .
>
> So based upon the information I've heard today and my reasoning that I don't believe that anything that I've heard today is not right and proper . . . I am hereby changing the child's name. . . . I am changing the name to Alexander Thomas Medioli Hayes.[1]

The court entered its written order changing Alexander's name to "Alexander Thomas Medioli Hayes" on March 28, 2019.

Hayes appealed the magistrate's order to the district court. The district court affirmed, also finding Hayes failed to provide cogent legal argument justifying a reversal of the magistrate's decision. The court awarded Medioli attorney fees pursuant to Idaho Code section 12-121. Hayes timely appealed the district court's decision and attorney fee award.

## II. ISSUES ON APPEAL

1. Whether the district court erred in affirming the magistrate court's order granting Medioli's petition to change Alexander's name?

---

[1] The magistrate court changed the child's name from "Alexander Thomas Hayes" to "Alexander Thomas Medioli Hayes," instead of the requested "Alexander Thomas Medioli-Hayes." At the hearing, the court explained: "I am not putting the hyphenation in it, because I think that that would make the name way too long." Medioli did not object to or appeal from the court's conclusion.

2. Whether the district court erred in awarding Medioli attorney fees pursuant to Idaho Code section 12-121?

3. Whether Medioli is entitled to attorney fees on appeal?

### III. STANDARD OF REVIEW

"On appeal of a decision rendered by a district court while acting in its intermediate appellate capacity, this Court directly reviews the district court's decision." *Hamberlin v. Bradford*, 165 Idaho 947, 951, 454 P.3d 589, 593 (2019) (quoting *Gordon v. Hedrick*, 159 Idaho 604, 608, 364 P.3d 951, 955 (2015)). In reviewing the district court's decision, the standard is as follows:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Ellis v. Ellis*, 167 Idaho 1, 6–7, 467 P.3d 365, 370–71 (2020) (quoting *Pelayo v. Pelayo*, 154 Idaho 855, 858–59, 303 P.3d 214, 217–18 (2013)). Thus, "this Court does not review the decision of the magistrate court. Rather, we are procedurally bound to affirm or reverse the decisions of the district court." *Id*. at 7, 467 P.3d at 371 (internal quotations omitted).

### IV. ANALYSIS

The district court affirmed the magistrate court's order granting Medioli's petition to change Alexander's name. The district court also awarded Medioli attorney fees pursuant to Idaho Code section 12-121 after finding Hayes' appeal was frivolous. For the reasons below, we affirm the district court's decision affirming the magistrate court's order granting Medioli's petition to change Alexander's name to include "Medioli." However, we reverse and vacate the district court's attorney fee award.

**A. The district court's decision affirming the magistrate court's order granting Medioli's petition to change Alexander's name was correct because the magistrate acted within its discretion in finding the name change to be "right and proper," as required by Idaho Code section 7-804.**

The district court affirmed the magistrate court's order granting Medioli's petition to change Alexander's name. First, the district court set forth the applicable standard of review as an abuse of discretion under Idaho Code section 7-804 and *In re Toelkes*, 97 Idaho 406, 407, 545 P.2d 1012, 1013 (1976). Next, the district court found the magistrate did not abuse its discretion by

3

granting Medioli's petition to change Alexander's name because the court recognized the issue as one of discretion, applied the legal standard of "right and proper" articulated in section 7-804, acted consistently with that standard by considering factors such as Alexander's socioeconomic status and whether the change would further Alexander's bond with Medioli, and reached its ultimate conclusion by the exercise of reason. *See Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) (pinpointing the 4-prong discretionary standard of review). The district court also found the magistrate court did not misapply the burden of proof or err in considering certain factors in its decision.

Hayes argues the district court erred. First, Hayes argues the phrase "right and proper," as articulated in Idaho Code section 7-804, is ambiguous. Hayes asserts that a trial court, in a disputed name change case involving a minor child, should apply the best interest of the child standard in determining what is "right and proper." As a result, Hayes argues a court's determination should give more weight to who has sole legal custody of the child. As for the magistrate court's purported errors, Hayes argues the magistrate court improperly placed the burden on Hayes to establish that the name change would be detrimental to Alexander. Hayes also argues the magistrate court's findings, that Alexander's socioeconomic status would improve and Alexander and Medioli's bond would strengthen if the court granted the name change, were unsupported.

Idaho's courts have authority to grant applications for change of names. I.C. § 7-801. Such applications

> must be heard at such time during term as the court may appoint, and objections may be filed by any person who can, in such objections, show to the court good reason against such change of name. On the hearing the court may examine, upon oath, any of the petitioners, remonstrants or other persons touching the application, and may make an order changing the name or dismissing the application, as to the court may seem *right and proper*.

I.C. § 7-804 (emphasis added).

Section 7-804 provides that a court "may make an order changing the name or dismissing the application," leaving the decision to the sound discretion of the court. *See In re Idaho Workers Comp. Bd.*, 167 Idaho 13, 24, 467 P.3d 377, 388 (2020); *see also Toelkes*, 97 Idaho at 407, 545 P.2d at 1013 (stating the statute "confers a wide discretion on the district court in determining whether or not a change of name should be granted[.]"). When a court reviews an alleged abuse of discretion, the court asks whether the lower court: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the

4

legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg*, 163 Idaho at 863, 421 P.3d at 194. "An abuse of discretion is found when the magistrate court's findings are clearly erroneous such that the court's findings are not based on substantial and competent evidence." *Kelly v. Kelly*, 165 Idaho 716, 723, 451 P.3d 429, 436 (2019) (internal quotations omitted).

1. <u>Section 7-804 is unambiguous; trial courts are not required to apply the best interest of the child standard in disputed name change cases involving minor children.</u>

Generally, in decisions regarding children, "[a]n abuse of discretion occurs when the evidence is insufficient to support a magistrate's conclusion that the interests and welfare of the children would be best served by the magistrate court's order." *Kelly*, 165 Idaho at 723, 451 P.3d at 436 (internal quotations omitted). In determining the best interest of the child, courts must consider "all relevant factors" listed in Idaho Code section 32-717, among others. However, section 7-804 is not a statute related solely to children; instead, section 7-804 governs name changes generally. Hayes advocates that in disputed name change cases involving minor children, trial courts should apply the best interest of the child standard in determining whether the name change is "right and proper." We disagree.

"The interpretation of a statute is a question of law this Court reviews de novo." *State v. Smalley*, 164 Idaho 780, 783, 453 P.3d 1100, 1103 (2019).

> The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act. Statutory interpretation begins with the literal language of the statute. Provisions should not be read in isolation, but must be interpreted in the context of the entire document. The statute should be considered as a whole, and words should be given their plain, usual, and ordinary meanings. It should be noted that the Court must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant. When the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and the Court need not consider rules of statutory construction.

*Nelson v. Evans*, 166 Idaho 815, 820, 464 P.3d 301, 306 (2020) (quoting *State v. Dunlap*, 155 Idaho 345, 361–62, 313 P.3d 1, 17–18 (2013)). "A statute is ambiguous where the language is capable of more than one reasonable construction." *Saint Alphonsus Reg'l Med. Ctr. v. Raney*, 163 Idaho 342, 345, 413 P.3d 742, 745 (2018). "[I]f the statute is ambiguous, this Court must engage in statutory construction to ascertain legislative intent and give effect to that intent." *Nelson*, 166 Idaho at 820, 464 P.3d at 306.

5

"To ascertain the ordinary meaning of an undefined term in a statute, we have often turned to dictionary definitions of the term." *Marek v. Hecla, Ltd*., 161 Idaho 211, 216, 384 P.3d 975, 980 (2016). "Proper" is defined as "[a]ppropriate, suitable, right, fit, or correct; according to the rules" or "[s]trictly pertinent or applicable; exact; correct." *Proper*, BLACK'S LAW DICTIONARY (11th ed. 2019). "Right" is defined as "[t]hat which is proper under law, morality, or ethics <know right from wrong>." *Right*, BLACK'S LAW DICTIONARY (11th ed. 2019). The words "right" and "proper" are abstract but not ambiguous. Section 7-804, in its entirety, is subject to only one reasonable interpretation—the court may grant the name change if it finds it warranted, based on the totality of the circumstances. The Legislature, by using "right and proper," clearly affixed broad authority to trial courts to grant or deny name change applications. *See Hoffer v. Shappard*, 160 Idaho 868, 882, 380 P.3d 681, 695 (2016), *superseded by statute*, I.C. § 12-121, *as recognized in First Bank of Lincoln v. Land Title of Nez Perce Cty., Inc*., 165 Idaho 813, 452 P.3d 835 (2019) (explaining that it was the Legislature's intent to grant courts broad discretion when the Legislature used the word "may" and provided no limiting language). "[I]t is the province of the Legislature to make and amend laws" and this Court lacks the authority to amend laws enacted by the Legislature. *Id.* at 883, 380 P.3d at 696. Had the Legislature intended to apply the best interest of the child standard in disputed name changes involving minor children, it would have written as much.

In addition, "statutes relating to the same subject matter—or those that are *in pari materia*—must be construed together." *Nelson*, 166 Idaho at 821, 464 P.3d at 307 (quoting *In re Adoption of Doe*, 156 Idaho 345, 350, 326 P.3d 347, 352 (2014)). "Accordingly, sometimes '[a] reading of the provision in the context of the entire chapter is [ ] enlightening.' " *Id*. (quoting *New Phase Inv., LLC v. Jarvis*, 153 Idaho 207, 210, 280 P.3d 710, 713 (2012)). The Legislature, in the same chapter, recognized that applications for name changes of minor children come before the court. I.C. § 7-802(2). Thus, the Legislature listed the requirements that must be complied with before a court may grant a name change in such situations. *Id*. Yet, in listing these requirements the Legislature employed the "right and proper" standard, not the best interest of the child standard. I.C. § 7-804. "[T]his court has been reluctant to second-guess the wisdom of a statute and has been unwilling to insert words into a statute that the Court believes the [L]egislature left out, be it intentionally or inadvertently." *Saint Alphonsus Reg'l Med. Ctr. v. Gooding Cnty*., 159 Idaho 84, 89, 356 P.3d 377, 382 (2015). For these reasons, we hold "right and proper," as provided in section

7-804, is unambiguous and that courts are not required to employ the best interest of the child standard in determining whether a disputed name change involving a minor is "right and proper."

    2. <u>The magistrate court did not abuse its discretion in finding the name change to be "right and proper."</u>

To begin, Hayes argues the magistrate court improperly placed the burden of proof on her to show the requested name change would be detrimental to Alexander. Hayes does not provide any cogent argument about why this error, if any, would affect this Court's decision. Even so, the record does not support Hayes' contention. The magistrate court explained that it had heard nothing to suggest that changing Alexander's name to include Medioli was not right and proper. The magistrate expounded: "[a]nd I'm not convinced that anything I've heard would be detrimental to the child." At no time did the magistrate state the burden was on Hayes to prove the change would be detrimental. In any event, section 7-804 expressly provides if a party objects to a name change, it is incumbent upon the objecting party (the "remonstrant") to "show to the court good reason against such change of name." Thus, by the plain words of the statute, Hayes, as the objecting party, had the burden of showing good reason against granting Medioli's petition.

Next, Hayes argues the magistrate court erred by giving little import to the fact that she has sole legal custody of Alexander. Hayes also argues the factors the court did rely on–Alexander's socioeconomic status and a stronger bond between Alexander and Medioli—were not supported by substantial and competent evidence. As explained above, section 7-804 does not provide any specific factors for a court to consider in making its decision whether an application to change a name should or should not be granted. The court may grant such applications so long as the court finds it "right and proper." I.C. § 7-804. As the magistrate court explained:

> I haven't heard anything today that convinces me that changing the child's name so that it includes his father's name is not right and proper. . . . In fact, I believe that having the name may give the child an increase in his socioeconomic status and allow further bonding between father and son.

This decision stemmed from the testimony Medioli and Hayes offered at the name-change hearing. There, Medioli testified that "Medioli" is an honorable name in Italy, which is linked to his family's successful business and has roots dating to the 1800s. He testified that it is customary to take the father's surname in Italy and that sharing his surname with Alexander would strengthen their bond. Medioli explained that changing Alexander's name would not change his relationship

7

with Alexander, but that he believed it would provide Alexander with a sense of belonging to his extended Italian family.

Hayes also testified. Hayes' testimony focused on showing Medioli had not been consistently present in Alexander's life. As to the name change, Hayes provided she did not want the name change because of Medioli's absence in Alexander's life. Hayes testified that the child was proud to have the surname Hayes. Even so, Hayes testified that Alexander and Medioli were attached and had a relationship. Moreover, Hayes acknowledged that changing Alexander's name would not impose any psychological barrier or damage.

"An abuse of discretion is found when the magistrate court's findings are clearly erroneous such that the court's findings are not based on substantial and competent evidence." *Kelly*, 165 Idaho at 723, 451 P.3d at 436.

> Substantial evidence is more than a scintilla of proof, but less than a preponderance. It is relevant evidence that a reasonable mind might accept to support a conclusion. Substantial evidence does not require that the evidence be uncontradicted. Rather, the evidence need only be of sufficient quantity and probative value that reasonable minds could conclude that the fact finder's conclusion was proper.

*Id*. at 730, 451 P.3d at 443 (internal citations and quotations omitted). There is more than sufficient evidence to support the magistrate court's finding that changing Alexander's name to "Alexander Thomas Medioli Hayes" was right and proper. Specifically, there is evidence supporting the magistrate court's finding that the change could increase Alexander's socioeconomic status and promote more bonding between Alexander and Medioli. As a result, we affirm the district court's decision affirming the magistrate court's order granting Medioli's petition to change Alexander's name.

**B.**     **The district court abused its discretion by awarding Medioli fees pursuant to Idaho Code section 12-121.**

The district court found Hayes' appeal was frivolous, unreasonable and without foundation because "[Hayes] ma[de] no cogent legal argument justifying a reversal of the magistrate judge's decision . . . [and failed to] demonstrate[] that the decision was an abuse of discretion, or unsupported by substantial and competent evidence." Based on this finding, the district court awarded Medioli attorney fees under section 12-121. Hayes argues the district court erred in awarding attorney fees against her pursuant to Idaho Code section 12-121. According to Hayes, her appeal to the district court was not frivolous or without foundation for the reasons appealed here: 1) it was reasonable for Hayes to argue that "right and proper" means "best interest of the

8

child;" 2) the magistrate court failed to apply the best interest of the child standard, which imports significant consideration to who has sole legal custody of the child; 3) the magistrate court improperly placed the burden of proof upon her to show the name change would harm Alexander; 4) the magistrate court placed too much weight on socioeconomic factors; and 5) the magistrate court's decision rested on speculation.

"An award of attorney fees and costs is within the discretion of the trial court and subject to review for an abuse of discretion." *Smith v. Smith*, 167 Idaho 568, 585, 473 P.3d 837, 854 (2020). "In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. "Those circumstances exist when appellants simply ask the appellate court to second-guess the trial court by reweighing the evidence or ha[ve] failed to show that the district court incorrectly applied well-established law." *Lola L. Cazier Revocable Tr. v. Cazier*, 167 Idaho 109, 122–23, 468 P.3d 239, 252–53 (2020) (internal quotations omitted).

The magistrate court, applied section 7-804, which provides a "right and proper" standard, and the one case decided in Idaho about name changes, *Toelkes*, and found that changing Alexander's name would not be detrimental to Alexander. To the contrary, the court concluded that the name change would increase Alexander's socioeconomic status and further the bond between Alexander and his father Medioli. In her brief to the district court, Hayes argued the magistrate erred by not applying the best interest of the child standard to a disputed name change case involving a minor child. As Hayes noted, other jurisdictions apply the best interest of the child standard to disputed name change cases involving minor children. Hayes also asserted the magistrate court improperly placed the burden on her to show the name change would not harm Alexander and that the district court failed to give weight to the fact Hayes was granted sole legal custody and placed too much weight on socioeconomic factors. We agree that Hayes' arguments on the burden of proof and those in which she asked the district court to reweigh the evidence could be characterized as frivolous.

That said, "[a]ttorney fees are not warranted where a novel legal question is presented." *Hoagland v. Ada Cnty.*, 154 Idaho 900, 916, 303 P.3d 587, 603 (2013). Hayes presented a novel issue to the district court: whether the best interest of the child standard should be applied in a disputed name change case involving a minor child. Only one case exists in Idaho regarding section

9

7-804. *See Toelkes*, 97 Idaho 406, 545 P.2d 1012. *Toelkes*, although involving the name change of a minor child, does not address the issue Hayes presented on appeal to the district court. *Id*. The name change in *Toelkes* was undisputed. *Id*. at 407, 545 P.2d at 1013. The child's parents were never married and, at birth, the child was given the father's surname. *Id*. The mother sought to change the child's surname from that of the father to the mother's surname after the father abandoned the child. *Id*. The trial court denied the petition assuming the name change, as requested, would make the child "a bastard on the face of the record." *Id*. This Court held the district court abused its discretion in denying the name change petition because the name change as requested would not affect the child's legitimacy. *Id*. *Toelkes*, while it addresses section 7-804, does not deal with the issue presented here. Disputes involving children generally apply the best interest of the child standard. *See Kelly*, 165 Idaho at 723, 451 P.3d at 436. It was not frivolous for Hayes to question whether the best interest of the child standard should apply in a contested name change case involving a minor child, an issue that has not come before this Court before. Thus, the district court abused its discretion by awarding Medioli attorney fees pursuant to section 12-121. We reverse and vacate the district court's attorney fee award.

C.     **Attorney Fees on Appeal.**

Hayes does not request attorney fees or costs on appeal. Medioli requests attorney fees on appeal pursuant to Idaho Code section 12-121. Medioli also requests costs under section 12-107. We reverse the district court's attorney fee award because we hold Hayes presented a novel issue to that court. Likewise, Hayes asserts the same novel issue before this Court. Medioli has no right to attorney fees on appeal under section 12-121.

## V. CONCLUSION

The district court's decision affirming the magistrate court's order granting Medioli's petition to change Alexander's name to "Alexander Thomas Medioli Hayes" is affirmed. The district court's attorney fee award is reversed and vacated. We decline awarding attorney fees on appeal; we award costs to Medioli as a matter of right.

Justices BRODY and STEGNER, CONCUR.

BURDICK, Justice concurring.

I concur only because the magistrate court insightfully found "[and] I'm not convinced that anything I've heard today would be detrimental to the child." The Majority today adopts a "totality of the circumstances" standard for a trial judge in a name change case concerning a minor child. I

10

would rather adopt a "best interests of the child" standard, as we have in all contested domestic matters where underage children are involved; however, a "totality of circumstances" analysis is broad enough for inquiry of reasons for the child's name change. That inquiry should include a close look of the best interests or impact on the child.

In today's world, the nefarious reasons for changing a child's name could be numerous and, unfortunately, easily come to mind: immigration fraud, unlawful custody, and human trafficking. Additionally, children should be protected from ill-conceived attempts to burden them with unseemly names that will cause them difficulty and embarrassment in the future. Today the Court gives great responsibility to our talented trial courts as to what is "right and proper." Nevertheless, our trial courts should have as background to the considerable discretion granted, confirmation that a "totality of circumstances" analysis certainly can encompass the same considerations that a "best interests of the child" standard would.

Justice MOELLER, CONCURS.