**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51092**

| | |
|---|---|
| LORNA C. FINMAN,<br><br>      **Petition-Respondent,**<br><br>v.<br><br>PAUL F. FINMAN,<br><br>      **Respondent-Appellant.** | **Filed:  October 2, 2024**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the Magistrate Division of the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Cynthia K.C. Meyer, District Judge.  Hon. John A. Cafferty, Magistrate.

Memorandum decision and order of the district court, on intermediate appeal from the magistrate division, <u>affirmed</u>.

Bistline Law, PLLC; Arthur M. Bistline, Coeur d'Alene, for appellant.

North Idaho Family Law, PLLC; Betsy Black, Coeur d'Alene, for respondent.

---

HUSKEY, Judge

Paul F. Finman appeals from the district court's order on intermediate appeal from the magistrate court.  Paul argues the district court abused its discretion by denying his request for attorney fees because Lorna C. Finman frivolously defended his intermediate appeal.  Paul fails to point to any specific error by the district court and fails to support his claim of error with sufficient argument and authority.  As a result, Paul has waived any claim of error by the district court.  Even if addressed on the merits, Paul's claim fails.  The district court's memorandum decision and order is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a divorce proceeding between Paul and Lorna.  Lorna filed a petition for divorce requesting the magistrate court enter a judgment of divorce on the ground of irreconcilable differences and allocate the parties' net marital estate equally.  The Finmans

1

attended mediation concerning the distribution of their real properties. The mediation concluded with a final agreement as to the disposition of the parties' real property. Although Lorna's counsel memorialized the agreement, Paul did not sign it. Lorna moved to enforce the oral settlement agreement, and Paul objected. The magistrate court granted the motion to enforce the settlement agreement. Paul appealed to the district court. The district court found the parties' oral settlement agreement reached in mediation did not comply with the strict formality requirements of Idaho Code § 32-917, entered an order vacating the magistrate court's decision, and remanded the case to the magistrate court for further proceedings.

Several months later, while the Finmans' divorce was pending in the magistrate court, the Idaho Supreme Court issued its decision in *Van Orden v. Van Orden*, 170 Idaho 597, 515 P.3d 243 (2022) which held that the "failure to comply with the statutory formalities of section 32-917 is an affirmative defense, which a party can waive if she fails to assert it before the trial court." *Van Orden*, 170 Idaho at 607, 515 P.3d at 243. In response to the *Van Orden* decision, the magistrate court ordered the Finmans to each provide briefing on how the opinion impacted their ongoing case. Through briefing, Paul argued the *Van Orden* case had no relevance because the issue regarding the enforceability of the oral, mediated settlement agreement was raised to the magistrate court. Lorna argued that while Paul failed to cite to I.C. § 32-917 and, thus, had likely waived the affirmative defense to the oral nature of the mediated settlement agreement, Lorna would forego asserting Paul's waiver in order to "proceed to trial wherein she will ask this Court to enter an order selling the real estate as soon as possible and splitting the net proceeds equally, wherein out of [Paul's] share, [Lorna] is reimbursed for the value of the personal property [Paul] stole from her." The matter proceeded to a hearing before the magistrate court where Lorna's counsel informed the magistrate court that Lorna was waiving any claim that Paul had waived his affirmative defense of I.C. § 32-917 so the parties could go to trial. The magistrate court held that even though the parties agreed that the mediated settlement agreement should not be enforced, Paul did not argue that the mediated settlement agreement was not enforceable because it was not reduced to writing pursuant to I.C. § 32-917, and pursuant to *Van Orden*, the magistrate court was required to enforce the mediated oral settlement agreement.

Paul appealed to the district court, arguing that the magistrate court erred by: (1) refusing to follow the parties' joint request that the mediated settlement agreement not be enforced, (2) enforcing the settlement agreement despite the fact that Lorna waived any objection to Paul's

alleged failure to raise the affirmative defense, and (3) enforcing the settlement agreement because Paul had not raised the affirmative defense. Paul also argued that he was entitled to attorney fees on intermediate appeal because he was forced to bring an appeal seeking the same relief Lorna requested from the magistrate court, i.e., vacating the magistrate court's order enforcing the mediated settlement agreement.

On intermediate appeal, Lorna argued that Paul failed to challenge the enforceability of the oral, mediated settlement agreement pursuant to I.C. § 32-917 in the magistrate court and, thus, he waived the affirmative defense therein. Lorna also challenged several of Paul's factual and legal assertions underpinning his theory regarding the magistrate court's error in enforcing the oral, mediated settlement agreement. Nonetheless, and despite the factual and legal inaccuracies, Lorna acknowledged that some of Paul's legal analysis regarding some of the relevant precedent was sound. As a result, Lorna stipulated to dismissal of the claim regarding the enforceability of the settlement agreement and to remand the case to the magistrate court to adjudicate the remaining issues in their divorce case. However, on intermediate appeal, Lorna did not stipulate to, and explicitly contested, Paul's request for attorney fees. Because the parties stipulated to a remand of the only other issue on appeal--the enforceability of the oral, mediated settlement agreement-- the sole issue presented and argued to the district court on intermediate appeal was whether Paul was entitled to attorney fees for filing his opening brief. Following a hearing, the district court entered its memorandum decision and order finding that the parties mutually agreed to rescind the oral, mediated settlement agreement, the issues addressed in the settlement would be tried to the magistrate court, and Paul was not entitled to attorney fees on intermediate appeal because Lorna did not defend the substance of the appeal frivolously, unreasonably, or without foundation.

Paul timely appealed from the district court's intermediate appellate decision.

## II.

## STANDARD OF REVIEW

An award of attorney fees and costs is reviewed for an abuse of discretion. *In Re Doe*, 168 Idaho 511, 518, 484 P.3d 195, 202 (2021). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before

3

it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

On appeal, Paul argues the district court abused its discretion in denying his request for attorney fees on intermediate appeal. Lorna argues the district court properly exercised its discretion in denying Paul's request for attorney fees. An award of attorney fees may be granted under I.C. § 12-121 and Idaho Appellate Rule 41 to the prevailing party, and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). An award of attorney fees is appropriate if the appellant only invites this Court to second-guess the trial court on conflicting evidence, or if the law is well-settled and the appellant has made no substantial showing that the lower court misapplied the law, or no cogent challenge is presented with regard to the trial court's exercise of discretion. *Pass v. Kenny*, 118 Idaho 445, 449-50, 797 P.2d 153, 157-58 (Ct. App. 1990).

Paul has waived his claim on appeal to this Court that the district court erred in denying his request for attorney fees. First, Paul provides no citation to the record in the argument section of his brief. *See* I.A.R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon."). Paul cites to the district court's conclusion that "*Van Orden v. Van Orden*, 515 P.3d 233 (2022) was not foreseeable and the Magistrate's enforcement of the agreement over her objection was not foreseeable." Paul then agrees with the district court by stating, "Unless an agreement of the parties violates public policy it is most certainly unforeseeable that a Magistrate Judge would, based on recent new precedent from the Supreme Court, refuse to enforce an agreement of the parties." Although agreeing with the district court's assessment, Paul nonetheless claims the district court erred. However, Paul fails to articulate the basis for the claimed error and further fails to provide argument or authority in support of the claim. A party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Instead of addressing how the district court allegedly erred, Paul focuses on what he believes Lorna should have done.

Additionally, although Paul correctly cites the relevant standard of review, he fails to identify the abuse of discretion prong challenged and provide an analysis of how the district court erred. The failure to articulate the abuse of discretion prong challenged and provided an analysis of how the district court erred vis-a-vis that prong is fatal to Paul's argument. *Midtown Ventures, LLC v. Capone as Tr. to Thomas & Teresa Capone Living Tr*., 173 Idaho 172, 180, 539 P.3d 992, 1000 (2023) (holding failure to identify abuse of discretion prong violated and provide argument relating to that prong is fatal to its argument.); *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (holding "general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue"); *Powell*, 130 Idaho at 128, 937 P.2d at 440 (holding party waives an issue on appeal if either argument or authority is lacking). Because Paul has waived the only claim presented on appeal, we need not address his claim that the district court erred in denying his request for attorney fees on intermediate appeal.

However, even if we reach the merits, Paul's claim fails. Paul argues that the district court should have awarded him attorney fees on intermediate appeal pursuant to I.C. § 12-121 for two reasons. First, Paul asserts Lorna defended her claim on appeal frivolously and unreasonably because she ultimately agreed to dismiss the appeal and remand the issue regarding the mediated settlement agreement. Paul argues that Lorna should have proposed a stipulation to vacate the magistrate court's judgment before Paul wrote a brief on intermediate appeal to the district court. Second, Paul argues that failing to respond to his claims on appeal is frivolous, citing *Templeton v. Hogue*, 125 Idaho 130, 131-32, 867 P.2d 1004, 1005-06 (Ct. App. 1994) as support. Paul asserts that Lorna's "response brief did not address any of the merits of Paul's appeal," and to not address any of the arguments on appeal is a frivolous defense of an appeal.

Lorna argues the district court correctly held that Paul was not entitled to attorney fees on intermediate appeal because Lorna did not defend the appeal frivolously, unreasonably, or without foundation. Lorna argues that Paul's request, prior to briefing, for a stipulation to dismiss the appeal and vacate the magistrate court's decision regarding the mediated settlement agreement "did not articulate any legal theories, briefing, legal authorities or substance" to support his claim that Paul's analysis of the undefined issue was correct. Lorna argues that, in light of the complexity of the case, it was not unreasonable to review Paul's opening brief before deciding what her next step would be. As Lorna noted in her respondent's brief:

5

The appeal before the [district court] was a culmination of over three (3) years of litigation involving incredibly sophisticated parties; numerous attorneys and judges; and a multimillion-dollar marital estate consisting of many real properties; substantial, varied, and even unique assets; and community property businesses. The legal issues included, but were not limited to, the intersection between and the application of the Uniform Mediation Act, the Statu[t]te of Frauds, Equitable Estoppel, a vast body of Idaho Case Law involving the intent to form a written contract, and later, on appeal, Idaho Code § 32-917 (which was subsequently held to be an affirmative defense per the *Van Orden* decision).

Next, Lorna argues that Paul is incorrect when he says that Lorna did not respond to any of his arguments because, as to the settlement agreement claim, she contested several of Paul's factual and legal assertions. Lorna then acknowledged that despite the factual and legal inaccuracies in Paul's opening brief, his legal analysis of relevant precedent was accurate and, as a result, the most expeditious course of action for Lorna was to stipulate to a remand so the issue could be decided on the merits. That was a response to Paul's argument. As to the claim for attorney fees, Lorna contested that claim and provided argument. Thus, argues Lorna, she did not defend the appeal either frivolously or unreasonably. Finally, Lorna argues Paul's reliance on *Templeton* is misplaced because, unlike the *Templeton* case, Lorna did not fail to preserve the issue of attorney fees for appeal.

On intermediate appeal from the magistrate court, the district court held that Paul was not entitled to attorney fees because Lorna did not defend the substance of the appeal frivolously, unreasonably, or without foundation. In support of its conclusion, the district court cited Lorna's reply brief and adopted Lorna's reasoning regarding the timing and impact of *Van Orden*, the inability to foresee that the magistrate court would reject Lorna's request to get back on the trial docket, and that Paul's characterization of Lorna's actions was not supported by the record. The district court further adopted a portion of Lorna's respondent's brief, quoting:

Litigation of such duration, complexity, and magnitude simply cannot be navigated without tremendous challenges, reevaluations, and adjustments. For [Paul] to claim that [Lorna] is "defending an appeal that is seeking the same thing [she] wants," is a misstatement, an over-simplification, and discounts, if not outright ignores, the extraordinary series of events that led to the present paradox. The incongruous posture of this appeal process was neither foreseeable nor intended by [Lorna], and it would be unjust to hold her accountable in the form of attorney's fees or otherwise when she had no control over [the magistrate court's] decision, and she is not defending the substance of the appeal now that it has been thoroughly briefed by [Paul].

6

The only case cited by Paul in support of his argument is *Templeton*, which is inapposite in this case. In *Templeton*, Hogue appealed the district court's award of attorney fees to Templeton under I.C. § 12-121. *Templeton*, 125 Idaho at 130, 867 P.2d at 1004. This Court concluded that Hogue waived any objection to the award of attorney fees because Hogue never filed a motion in the trial court to disallow the attorney fees and, as a result, did not preserve any claim of error. *Id.* at 131, 867 P.2d at 1005. The Court held that challenging an unpreserved claim was frivolous. *Id.* at 132, 867 P.2d at 1006. Here, Paul does not argue that Lorna failed to preserve any claims addressed on intermediate appeal, so *Templeton* is inapposite.

Moreover, Lorna's decision to review Paul's opening brief before deciding the most appropriate course of action, which was to concede the issue and avoid prolonged appellate litigation, does not mean she acted frivolously or unreasonably. Paul's email warning Lorna that he would seek attorney fees if she did not stipulate to a remand of the case did not "articulate any legal theories, briefing, legal authorities or substance in support of his request." Thus, it was only after Paul's brief was filed that Lorna was on notice of which legal theories were at issue and the argument and authority supporting those theories. Similarly, only after reviewing the brief was Lorna aware of the factual and legal assertions upon which Paul's argument rested. As a result, we agree with the district court that Lorna's assessment of Paul's opening brief regarding the oral, mediated settlement agreement and her subsequent agreement to remand the case regarding the appeal was neither frivolous nor unreasonable.

Further, Paul is incorrect when he says Lorna did not respond to his argument on appeal. Lorna explicitly responded to his argument regarding the mediated settlement agreement, noting in her brief on intermediate appeal, "Although there are legitimate counterarguments to the arguments made in [Paul's] Opening Brief and finer points to be distinguished regarding the authority cited therein, [Lorna] acknowledges the merits of [Paul's] overall position now that it has been briefed."[1] Lorna's decision to review Paul's opening brief, in light of the length and complexity of the case, before deciding to concede the issue related to the mediated settlement agreement does not mean she did not respond to the issue. As to Paul's request for attorney fees,

---

[1]     It is concerning that Paul would augment the record with his brief on intermediate appeal, but not Lorna's, and then argue that Lorna's brief did not address the merits of his claim. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985).

Lorna responded to that claim and provided argument and authority to support her position that Paul was not entitled to attorney fees. Thus, we disagree with Paul that Lorna did not respond to his claims on appeal. Paul has failed to establish Lorna defended the case frivolously or unreasonably. Therefore, the district court did not abuse its discretion in declining to award Paul attorney fees on intermediate appeal.

## IV.
## CONCLUSION

Paul fails to point to any specific error by the district court and fails to support his claim of error with sufficient argument and authority. As a result, he has waived any claim of error by the district court and the district court's memorandum decision and order is affirmed. Alternatively, Paul has failed to show error in the district court's decision denying his request for attorney fees on intermediate appeal. Lorna, as the prevailing party in this appeal, is awarded costs on appeal pursuant to I.A.R. 40.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.